Illinois Steel Company v. Commissioner.
Illinois Steel Co. v. Commissioner
Docket No. 19778.
United States Tax Court
1950 Tax Ct. Memo LEXIS 205; 9 T.C.M. (CCH) 388; T.C.M. (RIA) 50116; April 28, 1950
*205 A. C. Newlin, Esq., 14 Wall St., New York, N. Y., R. H. Appert, Esq., and William L. Hearne, Esq., for the petitioners. Clay C. Holmes, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined deficiencies in income and declared value excess-profits tax of $103,394.90 and $69,554.29, respectively, for the year 1938. Certain adjustments are not contested and one issue has been abandoned by petitioner. The sole remaining question is whether petitioner realized gain by reason of the sale in 1938 of certain property and, if so, its amount. The parties are in agreement with respect to a loss realized on the sale of the depreciable improvements on the property and with respect to the portion of the net sales price properly allocable, as realized on the non-depreciable property. The sole contested question is the fair market value of the non-depreciable property on March 1, 1913. Some of the facts have been stipulated. Findings of Fact The stipulated facts are hereby found. Petitioner, an Illinois corporation with principal office in the City of Chicago, filed its returns with the collector of internal revenue for *206 the second district of New York. On September 1, 1938, petitioner sold certain real property located in Milwaukee, Wisconsin, bounded by Lake Michigan on the east, Jones Island on the north, the Kinnickinnic River on the north and northwest, the Chicago and Northwestern Railway on the west, and bounded roughly by Russell Avenue on the south, for $2,744,000, less sales expense of $83,441.15, or a net consideration to petitioner of $2,660,558.85. $2,488,533.91 of the net consideration is properly allocable to non-depreciable property. The property had been acquired by petitioner prior to March 1, 1913, and on that date it comprised 148.4 acres, including 32 acres of low and partially submerged land in the Kinnickinnic River Basin, and 3.85 acres of various residential lots having a value of $25,000. The property had frontage on Lake Michigan for a distance of approximately 1 1/3 miles. The elevation of the land varied at different points from a maximum of about 10 feet above water level and sloped gradually to the Lake. The soil was sandy. The main Milwaukee harbor entrance was about 1,600 feet north of the northern boundary of petitioner's property. As of March 1, 1913, there were *207 no breakwaters protecting the Lake Michigan shoreline of petitioner's property, and that shoreline was not developed for use and was not used for loading or unloading vessels. Petitioner is a subsidiary of United States Steel Corporation, and in 1913 a steel plant, which ceased operations in 1930, was located on a portion of this land. The location on the Lake permitted the use of an unrestricted amount of water which was pumped at low cost from the Lake to petitioner's plant through pipes. The property was accessible by land and an adequate labor supply was available to petitioner's plant. In 1913 the property had shipping facilities by water and rail, being served by a slip off the Kinnickinnic River and by two railroads, the Chicago & Northwestern Railway and the Chicago, Milwaukee and St. Paul Railroad, in addition to service in the plant area by a railroad subsidiary of United States Steel Corporation. The slip on petitioner's property was 100 feet wide and 1,450 feet long, and could be reached by vessels without the use of tugs and without passing through drawbridges. Three oreboats could be docked in this slip at once but only one could be unloaded at a time. Storms on the *208 Lake which affected the water depth sometimes impeded the docking of vessels. In 1913 the property contained the following facilities and improvements not to be included in depreciable property: Slip for lake ore ships
118,000 cu. yds.
Concrete dock
600 lin. ft.
Concrete and sheeting dock
850 lin. ft.
Pile and sheeting dock
778 lin. ft.
Ore trough excavation
132,000 cu. yds.
Grading for tracks
200,000 cu. yds.
Water intake pier
600 ft. into Lake
The assessed values of petitioner's property, exclusive of right-of-way occupied by the Elgin, Joliet & Eastern Railway Company (whose lease terminated December 30, 1913), as indicated on the books of the Milwaukee Assessor's Office for the years 1903 to 1907, are as follows: Improve-
Total
Year
Land
ments
Real Estate
1903
$ 284,600
$ 560,500
$ 845,100
1904
304,600
565,500
870,100
1905
306,600
565,500
870,100
1906
329,600
622,500
952,100
1907
334,600
665,000
999,600
1908
356,400
665,000
1,021,400
1909
356,400
665,000
1,021,400
1910
595,900
1,000,000
1,595,000
1911
813,000
1,255,000
2,068,000
1912
981,000
1,305,000
2,286,000
1913
1,143,000
1,305,000
2,448,000
1914
1,170,000
1,325,000
2,495,000
1915
1,170,000
1,325,000
2,495,000
1916
1,170,000
1,325,000
2,495,000
1917
1,170,000
1,325,000
2,495,000
1918
1,170,000
1,330,000
2,500,000
1919
1,170,000
1,415,000
2,585,000
1920
1,170,000
1,415,000
2,585,000
1921
1,170,000
1,415,000
2,585,000
1922
1,170,000
1,415,000
2,585,000
1923
1,170,000
1,415,000
2,585,000
1924
1,170,000
1,415,000
2,585,000
1925
1,170,000
1,415,000
2,585,000
1926
1,872,000
2,264,000
4,136,000
1927
1,975,000
2,164,000
4,139,000
1928
1,975,000
2,164,000
4,139,000
1929
1,975,000
2,164,000
4,139,000
1930
1,968,600
2,164,000
4,132,600
1931
1,968,600
2,164,000
4,132,600
1932
1,968,600
1,947,800
3,916,400
1933
1,968,600
1,753,600
3,722,200
1934
1,968,600
1,499,500
3,468,100
1935
1,968,600
1,421,500
3,390,100
1936
1,968,600
1,214,850
3,183,450
1937
1,968,600
1,093,350
3,061,950
*209 The Interstate Comerce Commission appraised the value of the right-of-way, as of June 30, 1917, of the Chicago and Northwestern Railway adjacent to petitioner's property as follows: $7,840 per acre for the portion of the right-of-way from a line midway between Russell and Potter Avenues to the angle where South Bay Street leaves the right-of-way; $12,000 per acre for the portion of the right-of-way from the angle in South Bay Street to the southerly bank of the Kinnickinnic River; $20,000 per acre from the north bank of Kinnickinnic River to the south line of Washington Street. The Interstate Commerce Commission appraised at $18,000 per acre, as of June 30, 1915, a parcel, referred to by the parties as the Pere Marquette property, which contained the Pere Marquette Car Ferry Slip and which was bounded on the north by the property hereinafter called Parcel K, on the west by the Chicago, Milwaukee and St. Paul Railroad, and on the east by the Kinnickinnic River. The following are transactions which occurred with respect to other properties in this area: A property lying west of the Kinnickinnic River between the central line of the Washington Street slip on the north and the *210 central line of the Greenfield Avenue slip on the south, and the right-of-way of the Chicago and Northwestern Railway on the west, including frontage on East Washington Street, referred to by the parties as Parcel A, and consisting of 12.281 acres, was rented at $12,000 per year for 25 years from May 1, 1913, by Milwaukee Western Fuel Company from Harbor Land Trust Company. The lessee was to pay maintenance and taxes. The property had shipping facilities by land and water. It was assessed in 1913 at $225,000. It was leased for 20 years from May 1, 1938, at a rental, for the first five years, of $16,000 per year. A property lying north of East Bay Street and south of the Chicago and Northwestern Railway between the center lines of South Aldridge and South Woodward Streets extended, except the right-of-way of the Chicago, Milwaukee and St. Paul Railroad Bay View Spur, referred to by the parties as Parcel B, and comprising 9.6 acres, was rented at $6,700 per year for five years from March 1, 1908, by Milwaukee Corrugating Company from Jos. Schlitz Brewing Company, and a two-month extension of lease was granted on November 12. 1912, It was an inland parcel with no water available for *211 industrial use or shipping. It had rail facilities. The property contained buildings in 1913. The real estate assessments fixed the value of the land at $33,500 and $90,500, and the value of the buildings at $22,500 and $22,000 for the years 1908 and 1913, respectively. Two parcels aggregating 24.155 acres, referred to by the parties as the Grand Trunk property or as Parcel C, were rented for 99 years from May 1, 1907 at $10,000 per year by Grand Trunk Milwaukee Car Ferry Company from Louise F. and Fred Vogel, Jr. It consisted of a triangular parcel containing 16.562 acres bounded on the west by the Kinnickinnic River, and on the east by the Chicago and Northwestern Railway right-of-way, and another adjoining parcel extending south to the Bay View Spur of the Chicago, Milwaukee and St. Paul Railroad, bounded on the east by the extended central line of South Woodward Street and on the west by the extended west line of South Winchester Street, containing 7.593 acres. The Interstate Commerce Commission valued this property at $16,000 per acre in 1917. The lease provided for arbitration or appraisals at ten-year intervals, in the absence of agreement, with rent for the subsequent ten-year *212 period to be based upon a 4 per cent capitalization. Appraisers for the lessee and lessor valued the property at $400,000 in 1917, $450,000 in 1927, $410,000 in 1937, and $475,000 in 1947. *
Two parcels aggregating 3.725 acres, referred to by the parties as Parcels D n1 and D n2, were sold on September 7, 1915, for $19,050 by petitioner to the Chicago and Northwestern Railway. Parcel D n1 was a triangle fronting 120 feet on the eastern side of the Kinnickinnic River and 327 feet on the Kinnickinnic Basin, and containing 11,772 square feet which were submerged in 1912. Parcel D n2 was an irregular tract having 841 feet along the eastern side of the right-of-way of the Chicago and Northwestern Railway and being 300 feet wide at the northerly end, its northern tip being about 460 feet north of the quarter section line of N.W. 1/4, sec. 4, T. 6 N., R. 22 E. of the Milwaukee Real Estate Board's Official Atlas of the Milwaukee Metropolitan District. It contained about 150,614 square feet which were partially submerged in 1912. Two *213 parcels, referred to by the parties as E n1 and E n2, aggregating approximately 87,075 square feet, were sold on August 19, 1915, for $10,000 by Chicago and Northwestern Railway to petitioner. Parcel E n1 was situated approximately 305 feet northeast of the right-of-way of the railway with its southern-most point about 460 feet north on the quarter section line of N.W. 1/4, sec. 4, T. 6, N., R. 22 E. of the Milwaukee Real Estate Board's Official Atlas of the Milwaukee Metropolitan District, being 70 feet wide on the southerly side and about 500 feet long on the easterly side. It was submerged in 1912. Parcel E n2 was a strip of land along the eastern side of the Chicago and Northwestern Railway right-of-way beginning at East Russell Avenue and extending to the north 1,080 feet at a width of 30 feet, continuing 155 feet to the north at a width of 25 feet, and continuing 1,665 feet at a width of 20 feet. An irregular shaped parcel, called Parcel F by the parties, bounded on the northeast by the Chicago and Northwestern Railway and extending to the south between the center lines extended of South Aldrich and South Lennox Streets, and containing 4.328 acres, was sold on April 24, 1918, for *214 $115,000 by the American Malting Company to Donahue-Stratton Company. This was an inland parcel with no water facilities available. It was served by a railroad. The property contained improvements. The real estate assessment for 1913 valued the land at $50,000 and the improvements at $175,000, while the 1918 assessment fixed the land at $50,000 and the buildings at $75,000. A property bounded on the north by East Greenfield Avenue, on the east by the Kinnickinnic River, on the south by the center line of the Petit Slip, and on the west by the Chicago and Northwestern Railway, called by the parties the Petit property or Parcel G, containing 8.685 acres, was sold on July 18, 1918, for $200,000 by Mary C. and Louis J. Petit to Milwaukee Coke and Gas Company. The property had rail and water facilities available. Its real estate assessment for both 1913 and 1918 was $130,000. A parcel bonded on the north by the center line of the Petit Slip, on the east by the Kinnickinnic River, on the south by lands of the United States Coast Guard Station, and on the west by the Chicago and Northwestern Railway, called Parcel H by the parties, containing 7.259 acres, was sold for $100,000 by Elmwood *215 Company on July 31, 1918, to Milwaukee Coke and Gas Company. The property had rail and water facilities available. Its real estate assessment was $80,000 in 1913 and $75,000 in 1918. Seventeen tracks of land aggregating 251.33 acres located about two miles south of petitioner's property and about one mile east of the right-of-way of the Chicago and Northwestern Railway, referred to by the parties as Parcel I, were purchased in 1917 by the Wisconsin Electric Power Company for approximately $350,000 at prices ranging from $800 per acre to $3,500 per acre. A parcel containing 5.6 acres lying between the right-of-way of the Chicago and Northwestern Railway on the east, and the Chicago, Milwaukee and St. Paul Railroad on the west, fronting about 200 feet on the north on East Greenfield Avenue with the southern boundary being approximately 600 feet long and extending about 650 feet south of East Greenfield Avenue, called Parcel J by the parties, was sold on January 10, 1903, for $49,000 by Service Investors Association to Milwaukee Coke and Gas Company. It had no water frontage but was on a highway and had adequate railroad facilities. It was low and marshy in part and its real estate *216 assessment in 1903 was $28,000. A property bounded on the north by Parcel J, on the northeast by the right-of-way of the Chicago and Northwestern Railway, on the southeast by the Kinnickinnic River, and on the west by the Chicago, Milwaukee and St. Paul Railroad, containing approximately 22.6 acres, referred to by the parties as Parcel K, was sold for $140,474.75 on January 19, 1903, by petitioner to Milwaukee Coke and Gas Company. Public transportation and railroad facilities were available but it had no harbor facilities. It was low and marshy in part. The real estate assessment for 1903 was $99,500. A triangular parcel bounded on the north by Parcel H, on the west by the Chicago and Northwestern Railway, and on the east by the Kinnickinnic River, called Parcel L by the parties, containing 1.236 acres, was sold on April 15, 1905, for $20,000 by Louise F. Vogel to the United States Coast Guard. The real estate assessment in 1905 was $8,000. A rectangular parcel, referred to by the parties as Parcel M, having a frontage on its southern boundary of 331.71 feet on East Stewart Street and extending north for a distance of about 937.9 feet to Parcel C on its northern boundary, being *217 bounded on the east by the extended west line of South Mound Street and on the west by the extended center line of South Allis Street, containing 7.126 acres, was sold on January 15, 1908, for $66,380 by Allis Chalmers Manufacturing Company to Pfister and Vogel Leather Co. The property had rail facilities but no water frontage. It was purchased by the Grand Trunk Western Railroad for $63,000 in 1929. Two parcels aggregating 6.609 acres, called Parcel N were sold on September 13, 1902, for $125,000 by H. M. Benjamin and wife to Milwaukee Western Fuel Company. The first parcel was situated between the rights-of-way of the Chicago, Milwaukee and St. Paul Railroad and the Chicago and Northwestern Railway, having its southern boundary fronting on the north side of East Greenfield Avenue for 162.91 feet, extending north 175 feet, and containing.0521 acres. The second parcel, situated directly to the east of the first, was located between the Chicago and Northwestern Railway and the Kinnickinnic River, fronting on its southern boundary on the north side of East Greenfield Avenue for 1,230 feet and extending north to the center of the Greenfield Avenue Slip, and containing 6.647 acres. That *218 sales transaction involved the acquisition of a going coal business, including personal property and good will. The real estate assessment for the realty was $40,000 in 1902 and $120,000 in 1913. A parcel referred to by the parties as Parcel X, fronting on the Menominee River on the south and bounded by North Canal Street on the north, and North Sixteenth Street on the west, containing 7.25 acres, was sold on August 23, 1916, for $250,000 by Pennsylvania Coal and Supply Company to Western Fuel Company. The sale of X involved the acquisition of a going coal business. including personal property and good will. This property had dockage and rail facilities. The real estate assessment for 1916 valued the land at $149,000 and the improvements at $40,000. A parcel directly to the east of Parcel X, called Parcel Y, fronting 270 feet on the Menominee River, 360 feet on North Canal Street, and 300 feet on North Muskego Avenue, containing 4.549 acres, was sold on January 15, 1917, for $80,000 by Gustav G. Blatz to Milwaukee Western Fuel Company. This property had dockage and rail facilities. The real estate assessment valued the land at $60,000 in 1913, and $150,000 in the years 1916 and *219 1917, while the improvements were valued at $25,000 in 1913, $500 in 1916, and had no indicated value in 1917. An irregular piece of property called Parcel Z, situated east of Parcel Y, fronting 175 feet on North Canal Street and 175 feet on North Muskego Avenue, containing.470 acres, was sold on July 30, 1917, for $35,000 by Jos. Schlitz Brewing Company to Milwaukee Western Fuel Company. The real estate assessment valued the land at $12,500 in 1913, and $13,500 in 1918, and set no value on improvements in 1913, but valued improvements at $2,500 in 1918. A parcel containing 3.6 acres, bounded on the north by the Kinnickinnic River, on the west by Kinnickinnic Avenue, and on the south by the Chicago, Milwaukee and St. Paul Bay View Spur, was sold in August 1944 for $50,000 by Milwaukee Western Fuel Company to M. C. Kilinsky. The property known as Jones Island, containing approximately 28 acres, was conveyed by petitioner to the City of Milwaukee for approximately $277,000 in 1919, subsequent to condemnation proceedings instituted in 1915. That property was desired by the City for harbor development and improvements. In 1919 the City of Milwaukee commenced efforts to acquire *220 a large portion of petitioner's real estate. Extended condemnation proceedings and lengthy negotiations ensued in subsequent years. In 1930 petitioner's property (including improvements) was appraised for the City at $2,992,000 by a committee appointed by the Milwaukee Real Estate Board. Negotiations culminated on September 1, 1938, with the sale of petitioner's entire property to that City. Except for some acreage along the shore of Lake Michigan conveyed by quit claim deed, the area of petitioner's realty in 1938 was substantially the same as the area on March 1, 1913. Petitioner's tax return for 1938 reported the sale of the property as a transaction on which it realized neither gain nor loss, claiming that the sales price allocable thereto was exceeded by the March 1, 1913, value. In a notice of deficiency mailed on May 25, 1948, respondent determined that the fair market value of the property on March 1, 1913, was $1,484,000 and that petitioner realized taxable gain on the sale. The fair market value on March 1, 1913, of the 148.4 acres of petitioner's nondepreciable property, including the submerged and low land and the residential lots, was $2,375,000. Opinion The *221 only controversy remaining between the parties involving the March 1, 1913, fair market value of petitioner's non-depreciable property, has been disposed of by the foregoing ultimate finding of fact. As is frequently the case on valuation issues, formulation of a specific final judgment as to value on a certain date has presented formidable difficulties. In reaching our conclusion, no single factor has been paramount. Consideration has been given to the characteristics of the property, to such other transactions as seem to us sufficiently comparable, to the opinion of the several appraisal witnesses produced by the respective parties, and to all of the other circumstances demonstrated by the record to have a bearing on the central issue. Since our conclusion varies from that proposed by either party, Decision will be entered under Rule 50. Footnotes
*. It was the opinion of one of respondent's valuation witnesses, Van Loghem, that this property was "similar and comparable" to petitioner's realty.↩